UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ERIC LYNCH

                          Plaintiff,

     -against-                                        6:20-CV-0604 (LEK/ATB)

CITY OF LITTLE FALLS, *et al.*,

                          Defendants.

## DECISION AND ORDER

**I.    INTRODUCTION**

Pro se plaintiff Eric Lynch ("Plaintiff") brought this action against the City of Little Falls, as well as state troopers Timothy Blaise, Nathan Pearson, Ted Fournier, Edward Jones and Chad Salls, and police officer Skibinski, stemming from circumstances surrounding Plaintiff's arrest on March 9, 2017. Dkt. No. 2 ("Complaint"). The action was initially brought in New York State Supreme Court, Herkimer County, but removed to this Court on June 6, 2020. Dkt. No. 1.

Now before the Court is a motion for partial summary judgment, Dkt. No. 35 ("Motion"), filed by Blaise, Perason, Fournier, Jones, and Salls (collectively "Trooper Defendants"). The motion is unopposed. See Docket. For the following reasons, the motion is granted, except as to Trooper Salls who has already been voluntarily dismissed from the case.

**II.    BACKGROUND**

Plaintiff was arrested on the morning of March 9, 2017 by New York State Police. Dkt. No. 35-1 ("Defendants' Statement of Material Facts") ¶ 1. After a jury trial, Plaintiff was convicted of burglary, attempted burglary, and criminal mischief. Id. ¶ 2. Among other

allegation, Plaintiff claims that, following his arrest, Defendants failed to read him his Miranda rights. Id. ¶ 4.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 56 instructs courts to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, while "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, "summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.; see also Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991) ("Only when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted.").

The party seeking summary judgment bears the burden of informing the court of the basis for the motion and identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Similarly, a party is entitled to summary judgment when the nonmoving party has failed "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

In attempting to repel a motion for summary judgment after the moving party has met its initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,

475 U.S. 574, 586 (1986). At the same time, a court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). Thus, a court's duty in reviewing a motion for summary judgment is "carefully limited" to finding genuine disputes of fact, "not to deciding them." Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994).

"An unopposed summary judgment motion in a pro se action may be granted where (1) the pro se litigant has received adequate notice that failure to file any opposition may result in the entry of summary judgment without trial, and (2) the court is satisfied that 'the facts as to which there is no genuine dispute show that the moving party is entitled to summary judgment as a matter of law.'" Taylor v. Consol. Rail Corp., 166 F. Supp. 2d 652, 654 (N.D.N.Y. 2001) (quoting Champion v. Artuz, 76 F.3d 483, 485 (2d Cir.1996)).

**IV.   DISCUSSION**

To start, the Court notes that Plaintiff received a notification explaining the consequences of failing to respond to a summary judgement motion. Dkt. No 36.

Trooper Defendants argue that Plaintiff's Fifth Amendment claim under 42 U.S.C. § 1983, stemming from Trooper Defendants' alleged failure to read Plaintiff his Miranda rights, fails as a matter of law. Mot. at 3–4. While Plaintiff does not appear to have attempted to raise such a claim, see generally Compl., he has alleged factually that he never received his Miranda rights, id. ¶ 34. Trooper Defendants are correct that a failure to provide a Miranda warning is not cognizable under § 1983. See, e.g., Cox v. Aversa, No. 18-CV-3898, 2020 WL 815476, at *4 (S.D.N.Y. Feb. 19, 2020) (citing Neighbour v. Covert, 68 F.3d 1508, 1510–11 (2d Cir. 1995)).

As such, to the extent Plaintiff has attempted to assert a Section 1983 claim based on his failure to receive a Miranda warning, that claim is dismissed.

Finally, while Trooper Defendants seek dismissal of Defendant Salls, Mot. at 3–4, Salls has already been dismissed, Dkt. No. 50. As such, Trooper Defendants' request is denied as moot.

**V.   CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Trooper Defendant's motion for partial summary judgment (Dkt. No. 35) is **GRANTED in part**; and it is further

**ORDERED**, that, to the extent Plaintiff has attempted to assert a Section 1983 claim based on Trooper Defendants' failure to provide a Miranda warning, it is hereby dismissed; and it is further

**ORDERED**, that Trooper Defendant's request to dismiss Defendant Chad Salls is **DENIED as moot**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   March 14, 2022
         Albany, New York

_[signature]_
LAWRENCE E. KAHN
United States District Judge