UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ERIC LYNCH

                Plaintiff,

-against-                                        6:20-CV-0604 (LEK/ATB)

CITY OF LITTLE FALLS, *et al.*,

                Defendants.

**DECISION AND ORDER**

**I.    INTRODUCTION**

Pro se plaintiff Eric Lynch ("Plaintiff") brought this action against the City of Little Falls, as well as state troopers Timothy Blaise, Nathan Pearson, Ted Fournier, Edward Jones and Chad Salls, and police officer Skibinski, stemming from circumstances surrounding Plaintiff's arrest on March 9, 2017. Dkt. No. 2 ("Complaint"). The action was initially brought in New York State Supreme Court, Herkimer County, but removed to this Court on June 6, 2020. Dkt. No. 1.

Now before the Court is a motion for summary judgment, Dkt. No. 38 ("Motion"), filed by the City of Little Falls and Officer Skibinski ("City Defendants"). Plaintiff missed the deadline to file his response and on July 21, 2021 was warned that City Defendants' Motion would be deemed unopposed unless Plaintiff notified the Court of his intention to file a response by August 20, 2021. Dkt. No. 41. Plaintiff subsequently filed several letter requests, see Dkt. Nos. 42, 45, 49, 53, but failed to address City Defendants' Motion. On October 18, 2021, Plaintiff finally filed a response. Dkt. No. 55 ("Response"). The Court chose to reserve judgement on whether City Defendants' Motion would be deemed unopposed, Dkt. No. 57, and

City Defendants filed a reply, Dkt. No. 58 ("Reply"). The Court now elects to consider Plaintiff's Response. However, for the following reasons, City Defendants' Motion is granted in full.

**II.   BACKGROUND**

The following facts are taken largely from City Defendants' statement of material facts, Dkt. No. 38-10 ("Defendants' Statement of Material Facts"). Plaintiff has not filed a response to City Defendants' statement as required under L.R. 56.1 nor filed his own such statement, see generally Resp., and has not disputed City Defendants' statement except where otherwise noted.

On March 9, 2017, a 911 call led members of the New York State Police to be dispatched to 16 Bridge Street, Middleville, New York. Id. ¶ 1. New York State Police were the first law enforcement to arrive on the scene. Id. ¶ 3. Plaintiff was taken into custody at the scene by members of the New York State Police. Id. ¶ 5. After surrendering to New York State Police, Plaintiff alleges that he was attacked by Trooper Fournier who kicked him, stepped on him, and otherwise assaulted him. Compl. at 21–28. Plaintiff also alleges that the other officers present failed to intervene, and that he was denied medical attention for several hours after his arrest. Id. at 29–30.

Neither Skibinski nor any other employee of the City of Little Falls participated in Plaintiff's arrest or used force against him. Def.s' SMF ¶¶ 6–19. City Defendants state that Skibinski was not present at the scene on March 9, 2017, nor did he see, hear, or interact with Plaintiff or have knowledge of, or act with indifference to, any medical needs of Plaintiff. Id. ¶¶ 37–43. According to Skibinski's declaration, he was called to the scene, but while still en route was informed that the suspect had been taken into custody. Dkt. No 38-9 ¶¶ 10, 12. Nonetheless, at the direction of Police Chief Masi, Skibinski proceeded toward the scene. Id. ¶ 13. About 1/8-

mile from the scene, Skibinski encountered a trooper, who he later learned to be Fournier, blocking traffic. Id. ¶ 13. Skibinski offered assistance but his offer was declined and he returned to the City of Little Falls. Id. ¶ 15.

Plaintiff has not responded to City Defendants' Statement of Material Facts as required under L.R. 56.1, but his Response to City Defendants' Motion does contest the assertion that Skibinski never arrived at the scene. Resp. at 1. Though Plaintiff does not know whether he saw Skibinski at the scene, Dkt. No. 35-3 at 22, he bases this contention on several documents that he argues are inconsistent with Skibinski's narrative. See generally Resp. Those documents are further discussed below.

Plaintiff brought this case alleging excessive use of force by Pearson, failure to intervene and deliberate indifference to serious medical needs by Skibinski and the other individual defendants, and failure to train under Monell v. Department of Social Services, 436 U.S. 658 (1978) against the City of Little Falls. Compl. at 7–10. Plaintiff has no knowledge of the training provided to officers or other employees of the City of Little Falls, nor any knowledge of the training provided specifically to Skibinski. SMF ¶¶ 21–30. City Defendants now seek summary judgement on the claims against Skibinski and City of Little Falls. See generally Mot.

**III.   LEGAL STANDARD**

Federal Rule of Civil Procedure 56 instructs courts to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

248 (1986). Thus, while "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, "summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.; see also Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991) ("Only when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted.").

The party seeking summary judgment bears the burden of informing the court of the basis for the motion and identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Similarly, a party is entitled to summary judgment when the nonmoving party has failed "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

In attempting to repel a motion for summary judgment after the moving party has met its initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). At the same time, a court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). Thus, a court's duty in reviewing a motion for summary judgment is "carefully limited" to finding genuine disputes of fact, "not to deciding them." Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994).

**IV.   DISCUSSION**

City Defendants argue that Plaintiff's failure to intervene claim and his deliberate indifference claim against Officer Skibinski must be dismissed because Skibinski was never

4

present at the scene of Plaintiff's arrest. See Dkt. No. 38-11 ("Defendants' Memorandum of Law") at 4–11. In addition, City Defendants argue that Plaintiff has not sufficiently pled a Monell claim against the City of Little Falls. The Court considers these arguments in turn.

**A. Skibinski's Presence at Plaintiff's Arrest**

The elements of a claim for failure to intervene include "that the officer knew, or deliberately ignored, the fact that the constitutional violation was going to be, or was being, committed; [and] that the defendant had a reasonable opportunity to intervene and prevent the harm." Thomas v. City of Troy, 293 F. Supp. 3d 282, 296 (N.D.N.Y. 2018). Thus Skibinski must have been present for, or at least have had reason to know of, the alleged constitutional violation in order to be liable for failure to intervene. Similarly, "a pretrial detainee alleging deliberate indifference to serious medical needs under the Fourteenth Amendment must establish . . . that the defendant either: 'acted intentionally to impose the alleged condition' or 'recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee.'" Logan v. City of Schenectady, No. 18-CV-01179, 2019 WL 3803631, at *4 (N.D.N.Y. Aug. 13, 2019) (quoting Darnell v. Pineiro, 849 F.3d 17, 35 (2d Cir. 2017)). It is not possible for a defendant to intentionally impose or recklessly fail to mitigate a condition which he had no reason to be aware of. As such, unless Skibinski was present when Plaintiff was allegedly attacked by Pearson, or Skibinski otherwise had reason to be aware of the attack, both claims against Skibinski must be dismissed.

The question for the Court, then, is whether there is a genuine issue of material fact regarding Skibinski's presence at the scene or any other means by which he could have become aware of the alleged attack.. "Where, as in this case, a party has failed to respond to the movant's

5

statement of material facts in the manner required under L.R. 7.1(a)(3),[1] the facts in the movant's statement will be accepted as true (1) to the extent they are supported by evidence in the record, and (2) the nonmovant, if proceeding pro se, has been specifically advised of the possible consequences of failing to respond to the motion." Richard v. LeClaire, No. 15-CV-0006, 2019 WL 5197041, at *4 (N.D.N.Y. May 6, 2019), report and recommendation adopted, 2019 WL 4233184 (N.D.N.Y. Sept. 6, 2019). Here, City Defendants' Statement of Material Facts states that Skibinski was not present at the scene, Def.s' SMF ¶ 37, did not hear or see Plaintiff, id. ¶ 39, did not see other law enforcement personnel use force against Plaintiff, id. ¶ 42, and did not have knowledge of Plaintiff's medical needs, id. ¶ 43. These statements are supported by Skibinski's declaration, in which he details being called to the scene, but never actually arriving there after being informed by another officer that his assistance was no longer required. See generally Dkt. No. 38-9. Furthermore, Plaintiff received a notification of the consequences of failing to respond to a summary judgment motion. See Dkt. No. 39 (stating that Plaintiff was mailed "a copy of the Notification of the Consequences of Failing to Respond to a Summary Judgment Motion"); see also Dkt. No. 36 (also providing such a notification). As such, since Plaintiff has failed to respond to City Defendants' Statement of Material Facts as required under L.R. 56.1, the Court may accept City Defendants' statement as true, find no genuine dispute of material fact as to Skibinski's presence at the scene or any other means by which he could have become aware of the alleged attack, and dismiss the claims against Skibinski.

---

[1] As amended January 1, 2021, the relevant rule is now labeled L.R. 56.1.

However, even if the Court were to forgive Plaintiff's failure to comply with L.R. 56.1—in addition to his failure to comply with L.R. 7.1(b)[2]—and accept the evidence included with Plaintiff's Response, Plaintiff has still failed to provide sufficient evidence to allow a reasonable jury to conclude that Skibinski was present at the scene of the alleged constitutional violation.[3] Plaintiff does not know if he saw Skibinski at the scene. Dkt. No. 35-3 at 22. Rather, his primary basis for believing that Skibinski was present is the records created by a Computer Aided Dispatch ("CAD") system. See id. The CAD system records labeled Skibinski as "dispatched" at 07:29:30, "en route" at 07:29:31, "on scene" at 07:29:32, "en route" again at 07:29:36, and "available" at 07:44:10. Resp at 5–6. Based on these records, Plaintiff contends that Skibinski was at the scene from 07:29:32 until 07:44:31. Id. at 1. However, Kelly Wares, Deputy Director with Herkimer County Office of Emergency Services, testified that labels such as "dispatched" and "on scene" were inputted manually and that, after reviewing the audio call, she can confirmed that the "on scene" entry at 07:29:32 was entered in error. Dkt. No. 58-2 ¶¶ 9, 15–16. Even without Wares's testimony, it is clear to the Court that the "on scene" entry at 07:29:32 was entered in error. It is simply not possible that Skibinski arrived at the scene two

---

[2] L.R. 7.1(b) provides that "[e]xcept as otherwise provided in this paragraph, all motions and opposition to motions require a memorandum of law, supporting affidavit when necessary to establish and provide factual and procedural background relevant to the motion." Yet Plaintiff has failed to submit either a memorandum of law or supporting affidavit. See generally Resp. "Failure to submit a memorandum of law, standing alone, is sufficient cause for granting or denying a motion." Wenzhou Wanli Food Co. v. Hop Chong Trading Co., Inc., No. 98-CV-84191, 2000 WL 964944, at *3 (S.D.N.Y. July 11, 2000) (declining to grant summary judgement on this basis in the interest of justice).

[3] Plaintiff alleges that Skibinski was present at the scene of the alleged constitutional violation. Resp. at 1. Plaintiff has not alleged any other way in which Skibinski could have become aware of the alleged constitutional violation. See generally id.; Compl.

seconds after being dispatched and was again en route four seconds later. As such, the Court finds that the CAD system records fail to raise a genuine issue of material fact.

In addition, Plaintiff cites to a document generated by Little Falls Police Department, which lists personnel involved in the incident. Resp. at 12. The document references Skibinski and Police Chief Masi, but provides no information as to how they were involved. Id. This document too fails to raise a genuine issue of material fact.

Next, Plaintiff cites to a police report created by Skibinski, which states that he was dispatched and acknowledge the dispatch at 07:29, arrived at 07:36, and completed at 07:44. Id. at 14. However, it provides no information about where Skibinski arrived and includes a narrative description completely consistent with Skibinski's testimony that he made contact with Car 1D22, was informed that his assistance was no longer needed, and returned to the Little Falls. Compare id. with Dkt. No. 38-9. Because the Court does not find this document to be inconsistent with Skibinski's testimony and City Defendants' Statement of Material Facts, it does not raise a genuine dispute of material fact.

Finally, Plaintiff points to testimony that Trooper Ted Fournier was assigned to Car 1D22 and that, after Plaintiff was taken into custody, Fournier conducted a search of the apartment from which Plaintiff had exited. Resp. at 17, 24–25. Plaintiff argues that this testimony is inconsistent with Skibinski's testimony that, as Skibinski approached the scene, he encountered Car 1D22 blocking traffic and was informed by an officer, who he later learned to be Fournier, that his assistance was no longer needed. See Resp at 1–2. Plaintiff's arrest occurred at 7:31 AM, see Resp. at 4, and Skibinski appears to have approached the scene at 7:36 AM, see Resp. at 14. Thus, if Fournier conducted a search of the apartment immediately after Plaintiff was detained, it

is unlikely that he would have completed the search in time to have blocked traffic before Skibinski arrived. However, Fournier's testimony does not indicate the order of events. See Resp. at 24–25. He may well have assisted with Plaintiff's arrest, then blocked traffic, before conducting a search of the apartment. As such, none of the evidence put forward raises a genuine issue of material fact as to whether Skibinski was present at the time of Plaintiff's alleged constitutional violation, and summary judgement must be granted for Skibinski.

### B. Monell Claim

Plaintiff alleges that the City of Little Falls failed to properly train its officers and should be held liable for his injuries under Monell v. Dep't of Soc. Serv., 436 U.S. 658 (1978). Compl. at 10. However, Plaintiff's Complaint makes only conclusory allegations including that "[t]he City of Little Falls, failed to properly train this defendant on the rights of those in the general public" and "[t]he City of Little Falls, failed to properly train Skibinski in proper intervention techniques." Id. Furthermore, Plaintiff provides no additional relevant evidence in his Response to City Defendants' Motion. See generally Resp. The sorts of conclusory claims included in Plaintiff's Complaint are far from sufficient to avoid summary judgement. See, e.g., Selvaggio v. Patterson, 93 F. Supp. 3d 54, 77–78 (E.D.N.Y. 2015) (granting summary judgement where "Plaintiff's allegation that the City failed to train the officers is entirely conclusory; she does not specify what type of training the officers lacked, and there are no facts in the record that would allow a jury to infer that a lack of training caused her injury, or that the City's alleged failure amounted to deliberate indifference," and noting that such "conclusory allegations cannot even survive a motion to dismiss, let alone summary judgment"). As such, summary judgement is granted for the City of Little Falls.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the City Defendants' motion for summary judgment (Dkt. No. 38) is **GRANTED**; and it is further

**ORDERED**, that Clerk of the Court shall terminate Defendants Officer Skibinski and the City of Little Falls from this action; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     March 14, 2022
           Albany, New York

LAWRENCE E. KAHN
United States District Judge